UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. KIRBY III,

                              Plaintiff,                      5:24-cv-522 (BKS/TWD)

v.

SYRACUSE POLICE DEPARTMENT, MAMOUN
ABRAHAM, JOHN BLOODGOOD, MAUREEN
BARRY, and TIMOTHY MARTINS,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
David L. Kirby III
05002304
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se David L. Kirby III brings this action under 42 U.S.C. § 1983 asserting claims against the Syracuse Police Department and the above-named Defendants. (*See generally* Dkt. No. 36 (Second Amended Complaint)). Presently before the Court are Plaintiff's objections, to Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation and Order recommending dismissal of the Second Amended Complaint for failure to state a claim upon which relief may be granted. (Dkt. Nos. 39, 40). For the reasons that follow, the Report-Recommendation is adopted in its entirety, the Second Amended Complaint is dismissed without prejudice, and Plaintiff is granted leave to file a third amended complaint.

## II.   BACKGROUND

On April 15, 2014, Plaintiff commenced this action by filing a complaint against the Syracuse Police Department. (Dkt. No. 1). Plaintiff also moved for leave to proceed in forma pauperis ("IFP"). (Dkt. Nos. 3, 4). On June 14, 2024, Magistrate Judge Dancks issued a Report-Recommendation granting Plaintiff's application to proceed IFP and conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). (Dkt. No. 6). Magistrate Judge Dancks found that the Complaint, which listed a single claim for excessive force and named only the Syracuse Police Department as a defendant, failed to state a claim upon which relief may be granted and recommended dismissal with leave to file an amended complaint. (*Id.* at 6–9 (noting that the complaint failed to allege "facts which plausibly suggest that any of the wrongdoing alleged in the complaint occurred pursuant to a formal or informal policy or custom of the Syracuse Police Department" (citing *inter alia Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Before the time period for filing objections expired, (*see id.* at 10 ("Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report."), Plaintiff filed an Amended Complaint. (Dkt. No. 7). This Court therefore issued a text order terminating the Report-Recommendation as moot and referring the Amended Complaint to Magistrate Judge Dancks for initial review. (Dkt. No. 9).

On October 25, 2024, Magistrate Judge Dancks issued a Report-Recommendation construing the Amended Complaint as alleging, inter alia, claims of excessive force, false arrest and false imprisonment, illegal search, and unconstitutional conditions of confinement, against Syracuse Police Officer Mamoun Abraham. (Dkt. No. 15, at 8–12). Magistrate Judge Dancks recommended dismissal of the Amended Complaint but that Plaintiff be again granted leave to amend. (*Id.* at 14–15). On November 27, 2024, this Court adopted Judge Dancks' Report-

Recommendation, dismissed the Amended Complaint, and granted Plaintiff leave to file a second amended complaint. (Dkt. No. 18, at 2).

On February 10, 2025, Plaintiff filed a Second Amended Complaint. (Dkt. No. 36). In it, Plaintiff named four defendants, Mamoun Abraham, a Syracuse Police Officer, John Bloodgood, an Onondaga County Sheriff's Deputy, Maureen Barry, a District Attorney, and Timothy Martins, a Syracuse Police Officer, and alleged claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 2–3).

On March 25, 2025, Magistrate Judge Dancks issued a Report-Recommendation observing that the Second Amended Complaint contained only one paragraph describing Plaintiff's claims, and that it "consist[ed] almost entirely of legal conclusions, rather than well-pleaded factual allegations." (Dkt. No. 39, at 8). Magistrate Judge Dancks further found that Plaintiff's claims against Defendant Barr, a prosecutor, were likely barred by prosecutorial immunity and subject to dismissal. (*Id.* at 9–10). Magistrate Judge Dancks therefore recommended dismissal of the Second Amended Complaint for failure to state a claim upon which relief may be granted. (*Id.*). Magistrate Judge Dancks advised Plaintiff that he had "fourteen (14) days within which to file written objections" to the Report-Recommendation, and that failure to object would preclude appellate review. (*Id.* at 14).

On April 2, 2025 Plaintiff filed "Objections to Report-Recommendations." (Dkt. No. 40).

## III.   STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.*

3

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

## IV.     DISCUSSION

Plaintiff's "Objections to Report-Recommendations" consist of five separately numbered paragraphs, three of which appear to contain new factual allegations against Defendants Abraham, Bloodgood, and Martins. (Dkt. No. 40, at 1). As none of these allegations are contained in the second amended complaint, Magistrate Judge Dancks could not have addressed them in the Report-Recommendation. (Dkt. No. 40, at 1). Further, Plaintiff does not identify any particular finding in the Report-Recommendation to which he objects. Accordingly, the Court reviews the Report-Recommendation for clear error only. Having reviewed for clear error, and having found none, the Court adopts the Report-Recommendation in its entirety and dismisses the Second Amended Complaint. However, in deference to Plaintiff's pro se status, and because it appears Plaintiff is attempting to cure the factual deficiencies identified in the Report-Recommendation, the Court also adopts Magistrate Judge Dancks' recommendation that Plaintiff be extended a final opportunity to amend the complaint.

## V.      CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 39) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Second Amended Complaint (Dkt. No. 36) is **dismissed without prejudice**; and it is further

**ORDERED** that if Plaintiff files an amended complaint within thirty (30) days of the date of this Order, the amended complaint shall be referred to Magistrate Judge Dancks for review; and it is further

**ORDERED** that if no amended complaint is filed within thirty (30) days of the date of this Order, the Clerk is directed to close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge